UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAELANI LARIN FOWLER, | ) | Case No.: 5:22 CV 1114 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant | ) | ORDER |

Defendant, Commissioner of Social Security (the "Commissioner"), denied Plaintiff Maelani Larin Fowler's ("Plaintiff") application for supplemental security income ("SSI"). On June 24, 2022, Plaintiff sought judicial review of the Commissioner's decision. (ECF No. 1.) On October 28, 2022, Plaintiff filed a Brief on the Merits (ECF No. 7), seeking reversal of the Administrative Law Judge's ("ALJ") decision that she was not disabled. Specifically, Plaintiff contends that the ALJ erred when she failed to: (1) "find that the opinions of the treating and reviewing physicians were consistent with and supported by the medical evidence and failed to incorporate the stated limitations into the RFC"; and (2) "follow the Social Security Ruling 11–2p and find that [Plaintiff's] impairment related symptoms would preclude her from engaging in substantial gainful activity on a full-time and sustained basis". (Order at PageID #998, ECF No. 11.) The Commissioner filed a Response Brief on the Merits (ECF No. 9) on December 16, 2022. Pursuant to Local Rule 72.2(b)(1), the court referred the case to Magistrate Judge Greenberg to prepare a Report and Recommendation ("R & R"). The case was reassigned to Magistrate Judge James E. Grimes, Jr. ("Magistrate Judge" or

"Magistrate Judge Grimes") on October 3, 2022, pursuant to General Order 2022-16, to prepare a R & R. Magistrate Judge Grimes submitted his R & R (ECF No. 11) on April 19, 2023, recommending that the court affirm the Commissioner's decision. Objections to the R & R were due by May 3, 2023. As of this date, neither party has submitted any. When no objection has been filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require the district court review of a magistrate [ ] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). As discussed below, in employing the clear error or *de novo* standard, the court finds Magistrate Judge Grimes's R & R to be well-taken.

The R & R first addresses Plaintiff's argument that the ALJ failed to find that the opinions of the treating and reviewing physicians were consistent with and supported by medical evidence. Plaintiff contends that the ALJ erred when she evaluated the opinion of Rachel Pearson ("Pearson"), her counselor. (R & R at PageID #1016, ECF No. 11.) The ALJ found that Pearson's opinion was not persuasive because it was not supported by any actual objective findings from her counseling sessions, but rather was based on collaboration with Plaintiff. (*Id.* at PageID #1017.) The ALJ explained that Pearson's opinion regarding Plaintiff's impairments was not persuasive because:

> they [Plaintiff's alleged impairments] are not supported by any actual objective findings from her counseling sessions with the claimant, despite her vague citation to same, but rather were expressly 'based on collaboration with client' at that March 2021 counseling sessions [sic], which imparts that her responses to the form were primarily the claimant's current self-rated limitations and, in turn, not Ms. Pearson's independently formulated medical opinion . . . .

(*Id.*) (internal citations omitted.)The R & R finds that the ALJ did not err in making that determination because Plaintiff conceded that Pearson wrote that her findings were based on collaboration with Plaintiff, rather than Pearson's independent medical evaluation and opinion. (*Id.*)

-2-

("But [Plaintiff] concedes that Pearson wrote that her findings were 'based on collaboration' with [Plaintiff]. So the ALJ's conclusion was accurate."). Next, Plaintiff argues that the ALJ erred when she concluded that Pearson's findings were not supported by "actual objective findings" from her counseling sessions with Pearson. (*Id.*) The R & R finds that the only "actual objective findings" Plaintiff cites to is that Pearson twice described Plaintiff as presenting with a "[slightly] anxious affect and expression." (*Id.*) However, the R & R determines that the ALJ considered that description and found that description does not demonstrate that Plaintiff has severe limitations in maintaining attention and concentration, sustaining an ordinary routine, or completing a normal workday or week without interruptions from her symptoms. (*Id.* at PageID #1018.) Furthermore, the R & R finds that Plaintiff's argument is belied by the fact that the ALJ concluded that Plaintiff's slightly anxious presentation was temporary and resolved with an improvement in her living situation. (*Id.*) Plaintiff does not challenge any of these findings. (*Id.*)

Furthermore, the R & R notes that the ALJ explained that no providers observed Plaintiff to have a marked or extreme degree of limitation in maintaining attention or concentration, and that other evidence in the record—such as Plaintiff's school records, job performance, daily activities, or lifestyle choices—did not support such a finding. (*Id.*) Specifically, the ALJ noted that Pearson did not mention, in her opinion, any observations of Plaintiff from their counseling sessions. (*Id.*) Moreover, the ALJ commented that Pearson did not answer certain questions on the form. Thus, the ALJ was "'unable to determine' whether or how often [Plaintiff's] impairments would cause [Plaintiff] to be absent from work or to be off task from performing job duties." (*Id.* at PageID #1019.) Consequently, as a result, the ALJ wrote, even Pearson did not opine that Plaintiff's off-task behavior and absenteeism was as severe as depicted by Plaintiff's attorney at the hearing. (*Id.*) Plaintiff does not contest any of these findings. (*Id.*)

Next, the R & R addresses Plaintiff's argument that the ALJ erred when she evaluated the

state agency reviewers' opinions. (*Id.*) Specifically, Plaintiff contends that the ALJ erred when evaluating the balance of the state agency reviewers' opinion as persuasive when the ALJ noted the Ohio Bureau of Vocational Rehabilitation's ("BVR") 2017's findings—that documents Plaintiff's difficulties in school with staying on task, controlling her emotions and impulses, and getting easily distracted—but, "erroneously failed to include these limitations in [her] RFC." (*Id.* at PageID #1020.) However, the R & R determines that the ALJ fully considered Plaintiff's educational record and BVR findings. (*Id.*) Moreover, the R & R notes that the ALJ explained her assessment, stating that she gave little evidentiary weight to "this early non-medical evidence from the Ohio [Bureau of Vocational Rehabilitation] based on the lack of pursuit of early attempts to work and any actual engagements in services noted, the 2019 and 2020 educational evidence discussed next, and the longitudinal medical evidence from [Plaintiff's] counselor." (*Id.*) (internal citations omitted.) Instead, the R & R determines that the ALJ did not err when she relied on the state agency reviewers' evaluation of the vocational evidence over Plaintiff's attorney's evaluation of that evidence, and limited Plaintiff accordingly. (*Id.* at PageID #1020–21.) Moreover, the R & R remarks that Plaintiff does not challenge that finding, but only disagrees with it, which is not a basis for reversing the ALJ's decision. (*Id.* at PageID #1021.) Finally, Plaintiff asserts that the ALJ "failed to give a coherent explanation for h[er] reasoning as h[er] rationale failed to view the entire record." (*Id.*) The R & R concludes that Plaintiff's argument is belied by the ALJ's decision, which spanned 20 pages when discussing the record evidence. (*Id.*) The R & R concludes that Plaintiff has failed to identify any incoherent portion of the ALJ's decision or evidence she believes the ALJ failed to consider. (*Id.*)

Next, the R & R addresses Plaintiff's remaining arguments. Plaintiff argues that, "[e]ven though the ALJ did not find all of [her] impairments severe, [the ALJ] was to consider all relevant evidence in the case record to determine whether [Plaintiff] was disabled . . . The ALJ committed

-4-

harmful error when [s]he failed to consider all her impairments." (*Id.*) (internal citations omitted.) Specifically, Plaintiff identifies her impairment as back pain, for which she attended physical therapy. (*Id.*) However, "complaints" of back pain, alone, do not establish a medically determinable impairment. (*Id.*); *see also* 20 C.F.R. § 416.929(a). Further, the R & R finds that the ALJ did not err when considering Plaintiff's back pain. (*Id.*) The ALJ explained that while Plaintiff's "alleged scoliosis in [sic] not a medically determinable impairment," she considered Plaintiff's reports of back pain as attributable to Plaintiff's impairments of obesity and macromastia, and considered those issues in the balance of her decision. (*Id.* at PageID #1021–22) (internal citations omitted.)

Plaintiff next contends that "her psychological impairments caused symptoms which precluded her from engaging in substantial gainful activity on a full-time and sustained basis." (*Id.* at PageID #1022.) Plaintiff complains that the ALJ concluded that based on Plaintiff's "short-term part-time work[,] . . . [Plaintiff] would not need a job coach or any extra supports to learn and perform job duties." (*Id.*) Plaintiff argues that the ALJ's conclusion was not supported by substantial evidence. (*Id.*) However, the R & R concludes that, "Plaintiff ignores the ALJ's explanation, covering an entire page, discussing [Plaintiff's] experience with work—being assessed for work, looking for work, working, and [Plaintiff's] inconsistent reports to various people about why [Plaintiff] stopped working—and why, given that history, [Plaintiff] could still perform the [ALJ's] assessed work limitations." (*Id.*) The R & R concludes that the ALJ's explanation cites substantial evidence to support its conclusion. (*Id.*) Accordingly, the R & R determines that the Commissioner's decision must be upheld as there is substantial evidence supporting the ALJ's conclusion. (*Id.*)

The court finds, after careful review of the Magistrate Judge's R & R and all other relevant documents in the record, the Magistrate Judge committed no clear error. Further, after a *de novo* review of same, the court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Magistrate Judge Grimes's

-6-

Report and Recommendation (ECF No. 11). The court hereby affirms the Commissioner's decision.

    IT IS SO ORDERED.

                                                    */s/ SOLOMON OLIVER, JR.*
                                                    UNITED STATES DISTRICT JUDGE

June 16, 2023